We'll move to our final case this morning, United States v. Niggemann, Case No. 17-1145. Mr. Blegin. Good afternoon, Your Honors. Counsel, may it please the Court. There is a problem with the sufficiency of the evidence in the case against Mr. Niggemann that I'll do my best to explain as succinctly as possible, and I may use an analogy along the way. What the government failed to do here was to prove a sufficient connection between Mr. Niggemann and the child pornography that was found on two computers in his home, and particularly in light of the fact that there was another individual who resided in the home and had access to those computers. What they didn't show was a substantial connection between the defendant and the contraband. There were some other side issues related to a pseudo-confession and a prior conviction that I'll get to in a moment, but… It wasn't a pseudo-confession. Words out of his own mouth. Well, but the words… Acknowledging that there was pornography on the computers. I don't… And disclaiming any awareness of a distinction between child pornography and ordinary pornography and other evasions. Well, respectfully, I guess I would suggest the government did not say that it was a full confession. They said it was… gave some evidence. It's pretty damning. Well, let me see if I can convince you otherwise, Judge, because I don't think it is. The statement you're talking about is after saying that I don't want to speak without a lawyer, which frankly shouldn't have come in in evidence in the first place, but the judge essentially said he would disregard it, and it was a bench trial. The defendant said to one of the agents, so you can get arrested for pornography now, and the agent said, well, there's pornography and child pornography, and the response was, and the evidence is, porn is porn, which the agent said, two agents said, was said in an arrogant and dismissive manner in the sense of, I guess, I don't care about the difference between them or something like that. Point number one, what I would suggest is we're talking about agents who, one of whom said that upon arriving at the home, I asked Mr. Nigaman if he needed medical attention because he was so surprised by our visit, and the other agent testified that I thought it was unusual at the lack of surprise that he demonstrated at our visit because generally people are surprised when we visit. So in that context, the statement, porn is porn, is not a confession, and I don't think would be sufficient under different circumstances where the allegations weren't so ugly to create proof beyond a reasonable doubt. Now, here's the analogy that I've come up with. Hopefully it's a good one. Imagine this were a case where a gun was found in a room in a home where two people lived, and they both had access to the room. In this analogy, the room is the computers, and suppose- The analogy is not going to work, counsel. His name was all over this computer on the various programs that were registered to it, and he is a convicted child sex offender. Right, and I'm going to get to that analogy. Suppose that that- It's just analogizing to two people who have access to a room where a gun is found is going to get you nowhere. And this was a matter for the trier of fact. Here the judge, not a jury, and to try to get us to replace the fact finder's view on appeal is nearly an impossible task. Judge, I frankly don't think the standard is it's a nearly impossible task. There's lots of cases that say that. They say it's a very tough hill to climb, I think, we put in there, and maybe it's nearly impossible. Almost impossible. But there are two cases in similar circumstances, leaving aside the prior conviction, which I'll get to in a moment, where they did reverse, now they're from different circuits, but they did reverse convictions. One, the Moreland case, gives a very good explanation as to what needs to be proved in a case where there's contraband in a home or place that has joint access to it. And the other case, Lowe, L-O-W-E, which is essentially, factually on all fours with our case, leaving aside the prior conviction. And here's why I don't think you should use that prior conviction as a silver bullet, as we said in our brief, for the case, or this statement, porn is porn. And with all due respect, what I think is happening, and what I think the district court did too, was to use the ugly nature of the evidence as making the evidence stronger. And I know you don't like my analogy, but suppose the person in the gun case had a 20-year-old prior gun conviction. We wouldn't say, oh, well, therefore, he must have been the person who possessed the gun in the room, to which multiple people, or at least two people, had access. And suppose that guy said, gee, I don't think convicted felons should be prohibited from possessing guns, because, you know, we're the people who are most likely to get shot at, and we need to protect ourselves, or something like that. You wouldn't say in that circumstance, therefore, that person is the guilty one. What the government failed to do here, or what the evidence failed to do, was to connect Mr. Nigaman closely to the child porn. The closest they come, computer analysis-wise, is within 45 minutes. And even those 45 minutes require, essentially, the piling of inference on inference, which the Lowe and the Moreland case say that you can't do. The 45 minutes in the first instance is 45 minutes between the drafting of a obituary for the defendant's mother, which the government says the inference says he must have done it because it was his mother, to the creation of a folder called a temp folder in which child pornography was found. So that's 45 minutes. The second one is an iTunes receipt that was received 45 minutes, I think, prior or after, it really doesn't matter, but within 45 minutes of an access to a link to child pornography. In that case, the government, one, didn't present any evidence about when iTunes receipts come, meaning do they come immediately upon ordering a song off iTunes, or do they come at some other time? And that issue, the 45-minute issue, is the lack of the substantial connection. And this court, in other circumstances, for example, when a gun or drugs or other contraband are found in a home with multiple people, require that substantial connection. It can't just be he was there. There were no passwords on the program that were used to access the ARIES program, excuse me, the child pornography, and there were no passwords on the computers. And most importantly, no evidence was presented of the other occupant's amount, frequency, or timing of use of the computer. So we don't know. The evidence is silent on whether within, let's say, that same 45-minute time period, the other occupant of the home accessed something on the computer. There is a ---- So the theory is that Mrs. Nigamon was the one who was downloading and sharing the child pornography, right? It's not really a theory because there was no defense case and there was no cross-examination where she was named as the other person, but it is a lack of evidence. Now, maybe one could say ---- Is there any evidence affirmatively supporting that theory? There wasn't any evidence presented affirmatively supporting that theory, but in order to show the substantial connection in a multiple occupant situation, the government is required to show either the substantial connection or that the other person wasn't or couldn't have done it or was less likely to have done it. And here, what they didn't show was whether there was any computer access at all by the wife within a closer time period. There was one straight comment by an agent when asked, wasn't something like, wasn't there other stuff on this computer? And he said, well, there was some billing stuff and some business stuff and there was a list of people invited to a wedding. Now, I guess I'd be falling into the same gender trap to assume that that must be her, that the government says, well, when it's a cigar or business or whatever, it must be Mr. Nigman. But that's the only evidence of it. But it's the government's burden of proof. The defense doesn't have to have a theory as to who an alternative suspect is at all. They're free to argue that the evidence wasn't sufficient because there was other people with access and lack of passwords and those sorts of things. It appears that I'm well into my rebuttal, so I'll save whatever time I have left. Thank you. Ms. Kastanick. May it please the Court. Andriana Kastanick on behalf of the United States. The district court did not err in after a bench trial determining that the government had proven beyond a reasonable doubt that the defendant possessed and received child pornography. The agents executed a search warrant in this case. They seized two computers, both of which contained evidence of child pornography. There was strong evidence that this was the defendant's child pornography. It was being accessed via a peer-to-peer program called Aries that was registered in his name and at his business email address. The icon to access Aries was found immediately next to the icon for Eudora, which the defendant used regularly to access his business email account. He gave what Judge Sykes described as a pretty damning statement to the agents, surmising that porn is porn, which the government argued to the district court would not have been said by an innocent person under those circumstances. He has an atrocious criminal history, which consisted of eight years of abusing two different minor girls and a one-time occasion on which he also abused his minor nephew. The district court was entitled to rely upon this evidence as a reasonable prior fact and credit it as establishing that this was the defendant's child pornography. For all of those reasons, the government asks that this court affirm the defendant's conviction. All right, thank you. Mr. Blagan, anything further? You've got two minutes left. The prior conviction is the conduct is horrifying. The question is how probative is it? And it being 20 years old, other courts have suggested that not only is it not very probative, it wouldn't even really be admissible under 414. Now, we can't complain at this stage about the admission of that evidence, but we can discuss the probative value of it. It is extremely old, and it is of different conduct, and it is not enough of a silver bullet to say, therefore, proof beyond a reasonable doubt, he did it. There was no evidence of the wife's background, for example. There's no evidence of anything related to the other person that would have precluded or suggested that it had to be Mr. Niggeman as opposed to someone else. All of those factors are issues that undercut proof beyond a reasonable doubt. So, for example, the government says in its brief many things of, oh, it was defendant and not his wife. It was not the wife who saved personal and business documents on the computers. There was no evidence presented of that, of whether she did or did not. There was evidence that she had access to the computers and would have been able to use them and not prohibited, but the government didn't provide evidence of what she did and when. There is no, leaving aside the presumption that it must have been him, there was no evidence put forth to suggest that it wasn't the other occupant of the home. And that's, I know it sounds like a strange argument in the context, but the Moreland and the Low case explain it very well, and it is perfectly consistent with what this court has done in other contexts involving contraband, and that's what this is. It's ugly and horrible contraband, but it is just contraband in the analysis of is there sufficient evidence. I would respectfully suggest that it's not here. The Low case makes that clear, and I guess the government now says it's a full confession, but I couldn't find the page in their brief, but if you look at it again, they do not say that in their brief that it was a full confession. Thank you. Excuse me, counsel. On page 27 of your brief, four lines up from the bottom, you cite a United States Sentencing Commission preliminary quarterly data report. Don't bother. You won't need it right now. I'm just going to say that we've had difficulty finding that, and I wonder if you would be kind enough to lodge with the court a copy of that. Absolutely. So we might take a look at it. My guess is someone who's better at computers than me can find it. Thank you. We will send it. Thank you. Thank you. Our thanks to all counsel. The case is taken under advisement, and that concludes today's call.